UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>QUARTERSPOT, INC., et al.,<br><br>　　　　　Defendants. | Case No.  1:19-cv-00936-JLT EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

　　　　Plaintiff Graciela Williams ("Plaintiff") is proceeding *pro se* in this action. Plaintiff filed the complaint against Defendants Quarterspot, Inc. and DLI Assets Bravo, LLC,[1] on July 10, 2019. (ECF No. 1.)

　　　　On July 15, 2019, the Court entered an Informational Order which, among other things, directed Plaintiff to keep the Court informed of her current address. (ECF No. 5-3.) The Court's order advised Plaintiff that, "[i]f mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the Court will not attempt to remail it. **If the address is not updated within 60 days of the mail being returned, the action will be dismissed**[.]" (*Id.*) (emphasis in original). Additionally, the Local Rules provide that "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff

---

[1] On October 24, 2019, the Court stayed this case as to Defendant DLI Assets Bravo, LLC, only. (ECF No. 23.) On October 29, 2019, the parties filed a stipulation to dismiss Defendant Quarterspot, Inc. pursuant to Federal Rule of Civil Procedure 41. (ECF Nos. 24, 25.)

1

in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." E.D. Cal. L.R. 183(b)

On October 28, 2021, District Judge Dale A. Drozd entered an Order of Clarification regarding his availability to hear matters. (ECF No. 27.) The Clerk of Court served the order on Plaintiff by mail, and it was returned undeliverable on November 12, 2021.

On January 7, 2022, Chief Judge Kimberly J. Mueller entered an order reassigning this case to District Judge Jennifer L. Thurston. (ECF No. 28.) The Clerk of Court served the order on Plaintiff by mail and it was returned undeliverable on January 26, 2022.

Plaintiff has not filed a notice of change of address. Accordingly, because it has been over 63 days since District Judge Drozd's Order of Clarification was returned as undeliverable, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to comply with a court order.

 "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan,* 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan,* 291 F.3d at 642. As described above, Plaintiff has failed to comply with a court order and update her address.  These failures are delaying this case and interfering with docket management.  Therefore, the second factor weighs in favor of

dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan,* 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Additionally, although "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, this case is currently stayed as to the only remaining defendant due to the appointment of a receiver. Therefore, this factor is neutral.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan,* 291 F.3d at 642.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, due to Plaintiff's failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991)).

///
///
///
///

3

Plaintiff is also advised that the Court will vacate these findings and recommendations if she updates her current address in accordance with Local Rule 183(b) within the fourteen-day timeframe within which to file objections to the findings and recommendations.

IT IS SO ORDERED.

   Dated:   **February 7, 2022**       /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE